UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>        v.<br><br>JOHN L. CALVERT,<br><br>    Defendant/Petitioner. | NO. CR-99-0154-EFS<br>(NO. CV-08-0290-EFS)<br><br>**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE SENTENCE** |

Before the Court is Petitioner John L. Calvert's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter referred to as "the petition"). (Ct. Rec. 455.) After reviewing the submitted material and relevant authority, the Court is fully informed and denies the petition.

**A. Background**

On March 21, 2001, a jury found Mr. Calvert guilty of retaliation against a witness (Count 2) and conspiracy thereof (Count 1), use and discharge of a firearm during a crime of violence (Count 3), and felon in possession of a firearm (Count 4). (Ct. Rec. 225.) The Court originally sentenced Mr. Calvert to 330 months on June 28, 2001. (Ct. Rec. 243.) A series of appeals and resentencings ensued. Ultimately, on January 14, 2008, the Ninth Circuit affirmed the 270-month sentence

ORDER ~ 1

imposed on December 6, 2006.  (Ct. Recs. 433 & 451.)  Mr. Calvert's 270-month sentence is comprised of the following consecutive sentences, except as noted:

- 60 months on Count 1;
- 90 months on Counts 2 and 4 (concurrent to each other); and
- 120 months on Count 4.

Mr. Calvert filed this habeas petition on September 18, 2008, asserting seven (7) grounds for relief.  (Ct. Rec. 455.)  After reviewing the petition, the Court dismissed Grounds One, Five, and Six, and ordered the Government to respond to Grounds Two, Three, Four, and Seven.  (Ct. Rec. 456.)  The Government filed its response on December 1, 2008.  (Ct. Rec. 261.)

**B.   Applicable Law**

Section 2255 provides four (4) grounds upon which the Court may grant relief to Mr. Calvert: 1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" 2) "that the court was without jurisdiction to impose such a sentence"; 3) "that the sentence was in excess of the maximum authorized by law"; and 4) that the sentence is otherwise "subject to collateral attack."  28 U.S.C. § 2255.

The Court is to review the petition and "determine whether an evidentiary hearing is required.  If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates."  28 U.S.C. § 2255 Rule 8(a).  An evidentiary hearing should be held unless "the motions and files and records of the case conclusively show that the prisoner is entitled to no relief."  *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).  "'[W]hen a

defendant's allegations . . . are based on facts outside of the record, an evidentiary hearing is required.'" *Id.* at 781 (quoting *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990)).

**C.  Analysis**

    1.  <u>Grounds Two and Three</u>

Mr. Calvert's second and third grounds for relief raise Fourth Amendment search and seizure issues.  Because Mr. Calvert had a full and fair opportunity to litigate these issues pretrial with this Court and on appeal, Mr. Calvert is precluded from raising these issues on collateral review.  *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1980) (holding collateral review of a Fourth Amendment issue is barred where the defendant was provided a full and fair opportunity to litigate the claim).  Accordingly, Grounds Two and Three are dismissed.

    2.  <u>Ground Four</u>

Mr. Calvert alleges that he received ineffective assistance of counsel because his attorney 1) conspired with state and federal agents, 2) failed to present a defense, 3) failed to present evidence, 4) failed to call witnesses, and 5) failed to protect his right to remain silent.

The right to effective assistance of counsel in criminal proceedings is bestowed by the Sixth Amendment.  This right is violated when 1) counsel's performance fell below an objective standard of reasonableness and 2) the criminal defendant was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This is a high standard for the criminal defendant to satisfy because courts are to be highly deferential to counsel's chosen performance.  *Strickland*, 466 U.S.

at 689; *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998). Counsel's decisions are "examined according to what was known and reasonable at the time the attorney made his choices," *Hendricks v. Caleron*, 70 F.3d 1032, 1036 (9th Cir. 1995); *see also United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002). The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686-87. A criminal defendant is prejudiced if there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Because the Court presided over the pretrial and trial, it is aware of the motions filed, including a motion to suppress evidence obtained from Defendant's room, and the defense strategy employed. Mr. Calvert's bare and conclusory assertions of ineffective assistance of counsel, which are unsupported by factual allegations, do not entitle him to relief. *See Torres v. United States*, 469 F.2d 651, 652 (9th Cir. 1972). Mr. Calvert neglected to specify what evidence defense counsel failed to present, what witnesses defense counsel failed to call, or what defense defense counsel failed to put on. Also, Mr. Calvert's claim that his right to remain silent was violated by counsel is unsupported because Chris Benning's testimony did not implicate Mr. Calvert's right to remain silent. *See Fischer v. United States*, 425 U.S. 391, 409 (1976). In sum, without alleging specific facts to support his conclusory allegations, the Court concludes Mr. Calvert failed to establish that defense

ORDER ~ 4

counsel's trial strategies were unreasonable, that Mr. Calvert suffered prejudice, or that defense counsel conspired with the state or federal agents. Ground Four is dismissed.

### 4. Ground Seven

Through Ground Seven, Mr. Calvert again argues that his counsel and the state and federal agents conspired to violate his Fourth, Fifth, and Sixth Amendment rights. As noted above, any arguments based on the Fourth Amendment are precluded by collateral review. In regards to the allegation that his Fifth and Sixth Amendment rights were violated due to an alleged conspiracy, the Court finds that Mr. Calvert's conclusory allegations are not supported by specific factual assertions; rather, the provided documents reflect that the federal government complied with a court order when obtaining evidence. Ground Seven is dismissed.

**C. Conclusion**

Mr. Calvert failed to establish a basis for an evidentiary hearing or for other habeas relief. Accordingly, **IT IS HEREBY ORDERED:**

1. Mr. Calvert's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(Ct. Rec. 455)** is **DENIED**.

2. The related civil filed shall be **CLOSED.**

**IT IS SO ORDERED**. The District Court Executive is directed to

A. Enter this Order;

B. Provide a copy of this Order to Defendant/Petitioner at the following address:

> John L. Calvert
> Reg. # 08522-085
> Federal Correctional Institution

ORDER ~ 5

```
          P.O. Box 5000
          Sheridan, OR 97378
```

    C.   and Provide the United States Attorney for the Eastern District of Washington with a copy of this Order.

    **DATED** this ___27th___ day of February 2009.

```
                    S/ Edward F. Shea
                    EDWARD F. SHEA
               United States District Judge
```

Q:\Criminal\1999\0154.habeas.deny.wpd

ORDER ~ 6