UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JOHN L. CALVERT,<br><br>　　　　　　　　Defendant. | No.  CR-99-154-EFS<br><br>**ORDER DENYING MR. CALVERT'S §<br>2255 HABEAS MOTION AS UNTIMELY** |

On July 16, 2013, John L. Calvert filed a Petition for Writ of Habeas Corpus ("Motion"). ECF No. 483. Although the Motion is captioned as seeking relief under 28 U.S.C. § 2241, the Motion challenges the constitutionality of the April 18, 2013 Fourth Amended Judgment in a Criminal Case ("Fourth Amended Judgment"), ECF No. 481. Therefore, the motion truly seeks relief under 28 U.S.C. § 2255. *See also* Memo. & Order Transferring Action to the U.S. Dist. Ct. E.D. of Wash., CV-13-313-JPH, ECF No. 7. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the U.S. District Courts, the Court has an obligation to screen § 2255 motions. Rule 4(b) to 28 U.S.C. § 2255. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." *Id.; see also Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

///

**A.   Background**

On March 21, 2001, a jury found Mr. Calvert guilty of retaliation against a witness (Count 2) and conspiracy thereof (Count 1), use and discharge of a firearm during a crime of violence (Count 3), and felon in possession of a firearm (Count 4). ECF No. 225. The Court originally sentenced Mr. Calvert to 330 months on June 28, 2001. ECF No. 243. A series of appeals and resentencings ensued. Ultimately, on January 14, 2008, the Ninth Circuit affirmed the 270-month sentence, which had been imposed on November 30, 2006, and memorialized in the Third Amended Judgment. ECF Nos. 433 & 451.

On September 18, 2008, Mr. Calvert filed a 28 U.S.C. § 2255 habeas motion ("initial § 2255 motion"). ECF No. 455. The Court directed service of four of the claims raised by Mr. Calvert in his initial § 2255 motion. ECF No. 456. After reviewing the initial § 2255 motion, the answer, and the record, the Court denied Mr. Calvert's initial § 2255 motion, ECF No. 465, and the Court declined to issue a certificate of appealability, ECF No. 468. Mr. Calvert appealed, ECF No. 467, and the Ninth Circuit likewise declined to issue a certificate of appealability, ECF No. 473.

At the request of Mr. Calvert and his counsel in March 2013, ECF Nos. 479 & 480, the Court entered a Fourth Amended Judgment, ECF No. 481, on April 18, 2013, in order to remedy an oversight by the Court in its prior Judgments. Mr. Calvert brought to the Court's attention that the Bureau of Prisons was not awarding him credit for the time he served in state custody on the related state crime or in federal custody in this matter prior to his initial sentencing on June 28,

2001 (a total of 987 days), ECF No. 480. The Court had intended Mr. Calvert's imprisonment sentence to be offset by this previously-served time served. *See* ECF No. 460. Accordingly, pursuant to Federal Rule of Criminal Procedure 36, the Court modified Mr. Calvert's imprisonment from 270 months to 237 months and 14 days to reflect the Court's intent that Mr. Calvert receive credit for "time served" before his initial sentencing. ECF No. 481.

**B.  Analysis**

Mr. Calvert argues the Fourth Amended Judgment was erroneous because: 1) the 1998 U.S. Sentencing Guidelines ("Guidelines), not the 2006 Guidelines should have been used; 2) the Court incorrectly applied *United States v. Booker*, 543 U.S. 220 (2005); 3) the upward adjustments for obstruction and for role in the offense as a leader under the Guidelines should have been presented to the jury; and 4) the 2004 sentence should have been used. However, Mr. Calvert's request for this relief through his July 16, 2013 Motion is untimely.

Section 2255 mandates that a § 2255 motion be filed within one year of the latest of the following four dates: 1) the date on which the judgment of conviction becomes final, 2) the date on which the impediment to seeking such relief was removed, 3) the date on which the constitutional right becomes recognized by the Supreme Court, or 4) the date on which facts supporting the claim could have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)-(4). Mr. Calvert does not identify which subsection applies; however, the Court understands that he is relying on the first subsection (date on which the judgment of conviction becomes final) as the other three

subsections do not apply.  At first glance, Mr. Calvert's Motion appears to satisfy this first subsection, i.e., the July 16, 2013 Motion was filed within a year of the April 18, 2013 Fourth Amended Judgment.  Yet, a closer examination reveals that it is untimely.

The Fourth Amended Judgment was not entered as a result of a resentencing but rather was entered to correct a clerical mistake. Federal Rule of Criminal Procedure 36 permits the Court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  A court's clerical-error correction in a judgment typically does not amount to a resentencing, which restarts the running of § 2255's one-year statute-of-limitations.  *United States v. Fernandez-Angulo*, 897 F.2d 1514, 1517 (9th Cir. 1990) ("We hold that . . . a ministerial error . . . does not require resentencing."); *see also Coville v. McKenna*, 192 Fed. Appx. 641, *1 (9th Cir. 2006) (finding the 28 U.S.C. § 2254 petition untimely because the amended judgment merely corrected a clerical error); *Eberle v. Warden, Mansfield Correctional Inst.*, No. 1:11CV867, 2012 WL 4483066, at *12 (S.D. Ohio Aug. 2, 2012) (citing cases).

Here, the Court's April 18, 2013 modification to the Third Amended Judgment was not the equivalent of a resentencing.  Instead, the Court modified the Third Amended Judgment, at Mr. Calvert's request, to ensure that Mr. Calvert received credit for the time he served in custody prior to his initial sentencing.  It was Mr. Calvert and his counsel who brought to the Court's attention that the Bureau of Prisons was not implementing the Court's intended sentence and

therefore the Court modified the Third Amended Judgment in order to accurately reflect the Court's initial intent that Mr. Calvert receive credit for the time he served in custody prior to his initial sentencing. Therefore, the Fourth Amended Judgment was a *nunc pro tunc* judgment to correct a clerical error in the December 6, 2006 Third Amended Judgment. Accordingly, in order to determine whether the Motion satisfies § 2255(f)(1), the Court must ascertain whether the Motion was filed within one year of the date on which the Third Amended Judgment became final. The Motion was not. The Third Amended Judgment became final in May 2008: ninety days after the Ninth Circuit issued its February 8, 2008 mandate, ECF No. 451, denying Mr. Calvert's appeal. *See United States v. Buckles*, 647 F.3d 883, 887-88 (9th Cir. 2011) (setting forth how to calculate § 2255(f)(1)'s one-year statute-of-limitations). Accordingly, the July 16, 2013 Motion is untimely.

Further, this is Mr. Calvert's second § 2255 motion. His initial § 2255 motion was filed on September 18, 2008, ECF No. 455, which was within the one-year statute-of-limitations. This Court denied Mr. Calvert's initial § 2255 motion, a decision that controls because the Ninth Circuit declined to issue a certificate of appealability. ECF Nos. 465 & 473. Prior to filing this second § 2255 Motion, Mr. Calvert failed to receive a certification from a panel of the Ninth Circuit that this successive motion is appropriate under § 2255(h).

Accordingly, **IT IS HEREBY ORDERED**:

1. Mr. Calvert's § 2255 Motion, **ECF No. 483**, is **DENIED**.

2. The Court declines to issue a certificate of appealability because Mr. Calvert has not substantially shown that his Motion is timely. *See* 28 U.S.C. § 2253(c)(1)(B).

3. The related civil file shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Mr. Calvert and counsel.

**DATED** this 3rd day of September 2013.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

Q:\EFS\Criminal\1999\0154.habeas.second.dismiss.lc1.docx
ORDER DENYING MR. CALVERT'S § 2255 HABEAS MOTION AS UNTIMELY- 6