MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Timothy J. Ohms
Assistant U.S. Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Respondent, | NO. 2:99-CR-00154-EFS |
| v. | UNITED STATES' RESPONSE TO § 2255 MOTION TO VACATE SENTENCE |
| JOHN L. CALVERT, | |
| Petitioner. | |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Timothy J. Ohms, Assistant United States Attorney, submits the following response in opposition to Petitioner/Defendant's 28 U.S.C. § 2255 Motion to Vacate Sentence and for Immediate Release. (ECF No. 538).

## I. BACKGROUND

On October 26, 1999, the Defendant was indicted for Conspiracy to Retaliate Against a Witness, in violation of 18 U.S.C. § 371 (Count 1); Retaliating Against a Witness, in violation of 18 U.S.C. § 1513(b) (Count 2); Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) (Count 4). (ECF No. 1). Following a jury trial, the Defendant was convicted on all counts on March 20, 2001. (ECF No. 225).

On July 16, 2001, the Defendant was sentenced to 60 months imprisonment on Count 1; 120 months imprisonment on Count 2 to run concurrent with Count 1; 120

Government's Response to § 2255 Petition - 1

months imprisonment on Count 4 with 90 months to run consecutive to Counts 1 and 2; and 120 month imprisonment on Count 3 to run consecutive to all other counts. (ECF No. 247). This resulted in a total term of imprisonment of 330 months. (ECF No. 247).[1] In its statement of reasons, the Court noted that it had overruled the Defendant's objection to paragraph 79 of the Presentence Investigation Report (PSR) that concluded that the Defendant's prior Washington State conviction for residential burglary was a crime of violence under USSG §4B2.1(a)(2) (Exceptions to Factual Findings and Guideline Application ¶¶ 15, 19; Government's Objections to PSR ¶ 1).

The Defendant appealed his conviction and sentence (Ninth Circuit Nos. 00-30388, 01-30269). (ECF No. 250). The Defendant asserted that his conviction on Count 3 violated double jeopardy because he was previously convicted in state court of a similar charge arising from the same incident; he also challenged the sufficiency of the evidence as to all counts. *See United States v. Calvert*, 48 Fed.Appx. 634 (9th Cir. 2002) (unpublished). The Ninth Circuit rejected the Defendant's arguments and affirmed his conviction on all counts. *Id.* The Defendant also alleged error in the calculation of his Guideline range because the district court had increased his Guideline range for Count 4 by 4-levels pursuant to USSG §2K2.4 because the Defendant possessed a firearm in relation to another offense. The government conceded that this violated USSG §2K2.4, comment. (n.4). The Ninth Circuit agreed and remanded the case for resentencing. *Id.* (ECF No. 298). The Defendant did not appeal the Court's finding that his prior conviction for residential burglary was a crime of violence under the Sentencing Guidelines.

---

[1] The sentence also included 3 years of supervised release; a $400 special penalty assessment; and restitution in the amount $46,884.51. (ECF No. 247). Through its Amended Judgment entered on December 6, 2006, the Court corrected the term of supervised release for Count 3 to 5 years. (ECF No. 433).

Government's Response to § 2255 Petition - 2

On February 12, 2003, the Defendant was resentenced. (ECF No. 311). The Court sentenced the Defendant to 60 months imprisonment on Count 1; 90 months imprisonment on Counts 2 and 4 to run concurrent with each other but consecutive to Count 1. (ECF No. 317). Pursuant to statute, the Defendant was also sentenced to 120 months on Count 3 to run consecutive to all other counts, resulting in a total term of 270 months imprisonment. (ECF No. 317).

The Defendant appealed his sentence (Ninth Circuit No. 03-30087). (ECF No. 318). The Defendant asserted that the Court had misapplied USSG §5G1.2, which describes procedures for the application of consecutive sentences in order to achieve the total punishment determined to be appropriate by the court. The Ninth Circuit held that the term "total punishment" meant the minimum sentence in the Guideline range for the total offense level for all counts. *United States v. Calvert*, 75 Fed.Appx. 663 (9th Cir. 2003) (unpublished). The Ninth Circuit further held that Defendant's sentence exceeded this by 30 months and remanded the case for resentencing. *Id.* Once again, the Defendant did not appeal the Court's finding that his prior conviction for residential burglary was a crime of violence under the Sentencing Guidelines.[2]

On August 19, 2004, the Defendant was resentenced for a second time. (ECF No. 348). The Court sentenced the Defendant to 60 months imprisonment on Count 1 and 87 months imprisonment on Counts 2 and 4 to run concurrent. (ECF Nos. 348-350). The Defendant was also sentenced to a consecutive term of imprisonment of 120 months on Count 3; this resulted in a total term of 207 months imprisonment. (ECF Nos. 348-350).

On September 20, 2004, the government filed a Notice of Appeal seeking review of the sentence (Ninth Circuit No. 04-30402). (ECF No. 354). The government's appeal was based on statements by the Court that it would have imposed a higher sentence if it

---

[2] On September 26, 2003, the undersigned counsel was replaced by AUSA Thomas O. Rice. (ECF No. 328). The Ninth Circuit mandate was issued on March 15, 20014. (ECF No. 332).

Government's Response to § 2255 Petition  -  3

were not bound by the Sentencing Guidelines. *See United States v. Calvert*, 142 Fed.Appx. 969 (9th Cir. 2005) (unpublished). Intervening Supreme Court precedent resolved the issue in the government's favor and the case was remanded for resentencing. *Id.* citing *United States v. Booker,* 543 U.S. 200 (2005) (decided on January 12, 2005). The Ninth Circuit mandate was issued on November 8, 2005.[3] (ECF No. 386). This mandate was subsequently recalled with a new mandate issued on April 21, 2006.[4] (ECF Nos. 392, 394, 396).

      The Defendant was resentenced for a third time on November 30, 2006, with the judgment entered on December 6, 2006. (ECF Nos. 431, 433). Prior to the hearing, the Court received substantial briefing on all relevant issues. (ECF Nos. 398. 414, 423, 429, 430).[5] Significantly for purposes of the Defendant's present motion, the Defendant challenged whether his prior Washington State conviction for residential burglary

---

[3] In the interim the Defendant had filed an appeal under Ninth Circuit Case No. 05-30364, which was dismissed on November 8, 2005. (ECF Nos. 376, 380, 385).

[4] The order recalling the mandate indicated that it was based on a pro se letter received on September 13, 2005, that the Ninth Circuit construed as a petition for rehearing en banc. (ECF No. 392).

[5] Defendant' Memorandum Re: Resentencing (analyzing § 3553(a) factors and requesting a downward departure) (ECF No. 398); Defendant's Memorandum Re: Eight Level Enhancement Under USSG §2J1.2(B)(1) (challenging an 8-level Guidelines adjustment because the offense "involved causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice") (ECF No. 414); United States' Response to Defendant's Memorandum Re: Eight Level Enhancement Under USSG §2J1.2(b)(1) (ECF No. 423); [United States'] Sentencing Memorandum Re: Burglary is A Crime of Violence (ECF No. 429); Defendant's Memorandum Re: Prior Washington State Conviction for Burglary (ECF No. 430).

qualified as a crime of violence under USSG §4B1.2(a)(2). (ECF No. 430). The Defendant cited the Supreme Court decision in *Taylor v. United States*, 495 U.S. 575 (1990), and argued that a residential burglary in Washington State was not a "generic" burglary for purposes of USSG §4B1.2(a)(1) because the definition of dwelling used in the statute was overbroad. The Defendant argued that the statute's over-breadth could not be solved by reference to "judicially noticeable documents of conviction" because the terminology used in the statute rendered those documents inherently ambiguous. (ECF No. 430 at 3). In its memorandum, the government analyzed the Defendant's conviction using the modified categorical approach with reference to judicially cognizable documents under *United States v. Shephard*, 125 S. Ct. 1254 (2005). (ECF No. 429 at 3-4). Thus, the government argued that the Defendant's conviction was for a "generic" burglary within the scope of USSG §4B1.2(a)(2), which specifically included "burglary of dwelling" in the definition of "crime of violence." Neither memorandum references the "residual clause" contained in USSG §4B1.2(a)(2) or argued in favor or against its application to the Defendant's prior conviction for residential burglary. Similarly, the sentencing transcript contains no reference to the residual clause and reflects a legal discussion based solely on whether the burglary for which the Defendant was convicted was a generic burglary under the modified categorical approach. (ECF No. 443 at 4-8).[6]

In its Statement of Reasons filed in conjunction with its judgment on December 6, 2006, the Court considered the Defendant's argument relating to the Defendant's prior burglary conviction, noting that the "Defendant contends that *United States v. Guerrer-Velasquez*, 434 F.3 1193 (9th Cir. 2006), and *United States v. Rodriguez-Rodriguez*, 393 F.3d 849 (9th Cir. 2005), conflict with both *Taylor v. United States*, 495 U.S. 575 (1990), and *United States v. Wennder*, 353 F.3d 969 (9th Cir. 2003)."[7] The Court ruled against

---

[6] See Attachment A.

[7] Referring to U*nited States v. Wenner*, 351 F.3d 969 (9th Cir. 2003) (holding that Washington residential burglary was not a categorical match for generic burglary, but

Government's Response to § 2255 Petition  -  5

the Defendant and found that "under existing Ninth Circuit case law" the Defendant's 1994 Washington State conviction for residential burglary "is appropriately considered a 'crime of violence.'" Statement of Reasons, Additional Comments or Findings Concerning Information in Presentence Report ¶ 3. (ECF No. 433). In affirming that the Defendant's burglary conviction was a crime of violence under the modified categorical approach, the Court made no reference to the residual clause contained in USSG §4B1.2(a)(2).

Among its other findings, the Court overruled the Defendant's objection to an 8-level enhancement under USSG §2J1.2(b)(1). Thereafter, the Court sentenced the Defendant to 60 months imprisonment on Count 1; 90 months imprisonment on Counts 2 and 4 to run concurrent with each other but consecutive with Count 1; and 120 months imprisonment on Count 3 to run consecutive to all other counts. (ECF Nos. 431, 433). This resulted in a total sentence of 270 months in custody (the same sentence imposed at the Defendant's first resentencing hearing on February 12, 2003). (ECF Nos. 431, 433).

The Defendant appealed his sentence (Ninth Circuit Case No. 06-30643). (ECF Nos. 435, 440). The Defendant challenged the 8-level upward Guideline adjustment applied by the Court under USSG §2J1.2(B)(1). *See United States v. Calvert*, 511 F.3d 1237 (9th Cir. 2008). The Defendant did not appeal the Court's finding that his prior conviction for residential burglary was a crime of violence under the modified categorical approach. In a published decision, the Ninth Circuit rejected the Defendant's analysis of USSG §2J1.2(B)(1) and affirmed the judgment. *Id*.

On September 18, 2008, the Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 455). The Defendant raised seven grounds for relief. Ground one alleged that the Bureau of Prisons miscalculated his projected release date; Grounds 2 and 3 alleged errors in the government's acquisition of

leaving open whether it could be a generic burglary under the modified categorical approach when supported by judicially cognizable documents).

Government's Response to § 2255 Petition - 6

evidence and further alleged that evidence was "stolen" from state authorities in contravention of a court order; Ground 4 alleged ineffective assistance of counsel; Ground 5 alleged judicial bias toward the Defendant; Ground 6 alleged judicial retaliation against the Defendant; and Ground 7 alleged a conspiracy by law enforcement officials to violate his constitutional rights. On October 14, 2008, the Court dismissed Grounds 1, 5, and 6, but ordered the government to respond to the remaining Grounds.[8] (ECF No. 456). The government responded on December 1, 2008. (ECF No. 461). On February 27, 2009, the Court entered an order denying the Defendant's § 2255 motion. *United States v. Calvert*, 2009 WL 539819 (E.D. Wash. 2009), (ECF No. 465). The Defendant sought to appeal but was denied a certificate of appealability. (ECF Nos. 467, 468, 473).

Thereafter, on April 18, 2013, the Court entered a Fourth Amended Judgment to correctly reflect the Court's original intent that the sentences for Counts 1, 2, and 4 run concurrent with the remaining unexpired term of the Washington sentence that was in effect at the time of the Defendant's original sentencing date (June 28, 2001). (ECF No. 481). The Court took this action in response to requests by the Defendant and his counsel. (ECF No. 479, 480).

On July 16, 2013, the Defendant filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 that challenged the constitutionality of the Fourth Amended Judgment entered on April 18, 2013. (ECF No. 483). The writ was deemed to be a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 483). The motion asserted four grounds for relief. Ground one alleged that the Court improperly used the Sentencing Guidelines from 2006 instead of those of 1998; Ground

---

[8] With regard to Ground 1, the Court noted that errors in the calculation of a release date are properly brought in the district in which the Defendant is held pursuant to 28 U.S.C. § 2241. (ECF No. 456 at 2). (S*ee Calvert v. Denham*, 2015 WL 4931636 (D. Colorado 2015)). On October 17, 2008, the undersigned counsel was substituted back into the case in place of AUSA Rice. (ECF No. 457).

Government's Response to § 2255 Petition   -   7

two alleged that the Court incorrectly applied Supreme Court precedent from *United States v. Booker,* 543 U.S. 220 (2005); Ground three alleged that the Court's sentencing determinations that the Defendant had obstructed justice and was a leader in the offense should have been submitted to the jury; Ground four alleged that the 2004 sentence should have been used. *United States v. Calvert*, 2013 WL 4726927 *2 (E.D. Wash. 2003), (ECF No. 484 at 3). The Defendant alleged that he had already exceeded his maximum release date based on these errors. (ECF No. 483). The Court denied the Defendant's motion as untimely, finding that although it was filed within one year of the Fourth Amended Judgment, "[t]he Fourth Amended Judgment was not entered as a result of a resentencing but rather was entered to correct a clerical mistake." *United States v. Calvert*, 2013 WL 4726927 *2 (E.D.Wash. 2003), (ECF No. 484 at 3). The Defendant appealed without a certificate of appealability. (ECF Nos. 484 at 6, 488).

On May 27, 2014, while his appeal was pending, the Defendant filed a motion to correct an illegal sentence pursuant to Fed. R. Crim. P. 35(a). (ECF No. 500). The motion challenged the Third Amended Judgment entered on December 6, 2006, and alleged various grounds for relief, including those previously raised in the Defendant's construed [second] § 2255 motion on July 16, 2013. The Court deferred consideration of the motion while the Defendant's appeal was pending. (ECF No. 501 at 2). Thereafter, the Defendant moved for a dismissal of his appeal, which was granted on June 25, 2014. (ECF No. 503). Various additional motions followed through which the Defendant sought to vacate or amend his sentence. None of these were construed as motions under 28 U.S.C. § 2255, and all were denied except one. The exception was a further clarification of the judgment to ensure that the Defendant received credit for time served on a related Washington State sentence.[9]

---

[9] These motions were a writ of error coram nobis filed on July 28, 2014, and denied on August 27, 2014, (ECF Nos. 505, 507); a construed petition for recalculation of good time and release date construed as a petition for relief under 28 U.S.C. § 2241 filed on

Government's Response to § 2255 Petition - 8

Thereafter, on June 3, 2016, the Defendant provided the Court with a request for relief based on the Supreme Court's decision in *Johnson* [*v. United States*, 135 S.Ct. 1551 (2015)]. (ECF No. 531 at 2). The Defendant's request was forwarded to counsel, which resulted in the current [third] motion pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

A second or successive motion pursuant to 28 U.S.C. § 2255 may be considered on two grounds. 28 U.S.C. § 2255(h). Only the second is applicable in the present case, which is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).[10] This contrasts with the broader grounds of relief available to initial motions. 28 U.S.C.

---

January 20, 2015, and transferred to district of Colorado on January 26, 2015, (ECF Nos. 516, 517); two requests for reductions based on changes to the Sentencing Guidelines relating to the drug quantity tables received on April 17 and August 12, 2015, and denied on April 22, and August 13, 2015, respectively (ECF Nos. 520, 521, 524, 525); and a construed motion to correct a clerical error in the judgment filed on September 14, 2015, that resulted in the Court's issuance of a Fifth Amended Judgment on October 22, 2015. (ECF Nos. 526, 527, 529). The Fifth Amended Judgment reiterated the Court's intent that the sentences imposed for Counts 1, 2, and 4 should run concurrent with a corresponding Washington State sentence and directed that the Defendant be given credit for time served from February 12, 1999, until June 27, 2001. (ECF No. 527).

[10] The first ground relates to newly discovered evidence of a nature that no reasonable factfinder would have found the defendant guilty. 28 U.S.C. § 2255(h)(1).

2255(a).[11] A second or successive § 2255 motion must also be certified by the Court of Appeals pursuant to the procedure set out in § 2244(b)(3). The certification provides that at least some part of the motion set forth a prima facie claim for relief. 28 U.S.C. § 2244(b)(3)(C); *see also Woratzeck v. Stewart*, 118 F.3d 648 (9th Cir. 1997). This has been described as "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Bennett v. United States*, 119 F.3d 468, 469-70 (7th Cir. 1997). Once the motion has been certified for further consideration by the district court, the Defendant bears the burden of show that he is entitled to relief:

> We grant this application because it is unclear whether the district court relied on the residual clause or other ACCA clauses in sentencing [defendant], so [defendant] met his burden of making out a *prima facie* case that he is entitled to file a successive § 2255 motion raising his *Johnson* claim. There in the district court though, a movant has the burden of showing that he is entitled to relief in a § 2255 motion—not just a *prima facie* showing that he meets the requirements of § 2255(h)(2), but a showing of actual entitlement to relief on his *Johnson* claim.

*In re: Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016) (collecting cases). Notwithstanding certification by the court of appeals, § 2244(b)(4) requires the court to dismiss any claim presented in a second or successive application that does not meet the gatekeeping standard. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

The new rule of constitutional law upon which the present motion is based stems from the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 537). In that case, the Supreme Court held that the "residual clause" used in the definition of "violent felony" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness.

---

[11] The grounds for relief for initial motions are (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Government's Response to § 2255 Petition  -  10

The current motion raises an issue of whether that holding applies to similar clauses used in the definitions of "crime of violence" found in 18 U.S.C. § 924(c) (charged in Count 3) and in USSG §2B1.2(a)(2) (which the Defendant argues is applicable to the Guideline calculation for Count 4).[12]

The Defendant's argument with regard to the Sentencing Guidelines is now foreclosed by the Supreme Court's decision in *Beckles v. United States*, 580 U.S. ___ (2017) (holding that the Sentencing Guidelines are not subject to a due process vagueness challenge). In addition, the record shows that the basis for the determination that the Defendant's burglary conviction was a crime of violence under USSG §4B 1.2 was that it met the criteria for a "generic" burglary under the modified categorical approach. That decision was not impacted by the Supreme Court's holding in *Johnson*; thus, even without the Supreme Court's recent decision in *Beckles*, the Supreme Court's holding in *Johnson* did not provide a basis to review that decision.[13]

With regard to the residual clause contained in 18 U.S.C. § 924(c), even if were determined to be unconstitutional by an extension of the analysis in *Johnson*, the Defendant would not be entitled to relief unless he could show that it applies retroactively on collateral review—that is, that is was "made retroactive on collateral review by the Supreme Court" to the statute at issue. If not, this Court has no jurisdiction to consider whether the analysis found in *Johnson* should or would apply to ongoing or future cases. This is particularly significant in the present case because the residual clause in § 924(c) differs in language and function from the residual clause found in the ACCA, and the Supreme Court has not ruled on whether these differences require a different result—as is

---

[12] Unless otherwise indicated, references to the Sentencing Guidelines are to those in effect at the time of the Defendant's sentencing hearing on November 30, 2006.

[13] *See* Transcript of Proceedings, Sentencing Hearing, November 30, 2006, at 4-8. (ECF No. 443). (Attachment A).

Government's Response to § 2255 Petition - 11

now the case following *Beckles* with the residual clause in USSG §2B1.2. Thus, it has expressly not yet been "made retroactive on collateral review by the Supreme Court."

In addition, the government believes that the underlying predicate offense for Count 3 meets the definition of a crime of violence through the "force clause" of § 924(c). Thus, its use as a predicate is not dependent upon the residual clause.[14]

A. The Defendant's § 2255 petition is procedurally barred because the Supreme Court has not extended its analysis in *Johnson* to § 924(c); thus, the argument that *Johnson* should apply to the residual clause in § 924(c) does not confer jurisdiction under 28 U.S.C. § 2255(h)(2).

The Defendant's petition asserts that he is currently serving a sentence in violation of due process because his sentences "appear to have been based on the residual clause." (ECF No. 538 at 1, 6, 16-17). Thus, he asserts that he is entitled to relief under § 2255(a). (ECF No. 538 at 16). However, the rules governing second or successive petitions limit relief to "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Defendant's sole reference to this section is on page three of his petition where he notes that the Court dismissed his second § 2255 petition as untimely under 28 U.S.C. § 2255(h). (ECF No. 538 at 3). The Defendant glosses over this requirement by asserting that *Johnson* has been made retroactive by the Supreme Court, which indeed it has in *Welch v. United States*, 136 S.Ct. 1257 (2016). But *Johnson* only addressed the residual clause as it appears and functions in the ACCA. *Welch* was also an ACCA case. *Welch* 136 S.Ct. at 1260-61. Consistent with this limitation, the Supreme Court in *Welch* characterized *Johnson* as a case in which it "considered the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii)." *Id*. That is, the Supreme

---

[14] The government also asserts that this issue has been waived based on the Defendant's failure to appeal it following his sentencing hearing. Failure to appeal generally waives issues for collateral review. *See Sanchez-Llamas v. Oregon*, 126 S.Ct. 2669 (2006).

Government's Response to § 2255 Petition - 12

Court considered a specific clause in a specific statutory context. In doing so, it acknowledged that there were other statutes that used similar language that would not be affected by its holding. *Johnson*, 135 S.Ct. at 2561.

The Defendant neglects this limitation, arguing that because the residual clause in the ACCA is "almost identical" to the residual clause in § 924(c), it should fall within the holding of *Johnson*. However, as reflected in *Beckles*, differences in wording or function require some analysis. It may well be that courts will ultimately conclude that the residual clause in § 924(c) does fall within the scope of *Johnson*, as some courts have; but the standard to be applied on a second or successive motion under § 2255 is not whether the *Johnson* analysis should be extended to § 924(c), but whether the Supreme Court has done so. In determining whether the Supreme Court has made a new rule of constitutional law retroactive to cases on collateral review, the Supreme Court has said that "'made' means 'held' and, thus, the requirement is satisfied only if [the Supreme Court] has held that the new rule is retroactively applicable to cases on collateral review." *Tyler v. Cain*, 533 U.S. 656, 662 (2001). As a result, only the Supreme Court, not a court of appeals or district court, can make a new rule retroactive for purposes of § 2255(h).

To emphasize the importance of this distinction, several courts have already considered whether *Johnson* applies to the residual clause in § 924(c) and come to different conclusions. In *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016) *rehearing en banc denied* (May 9, 2016), the defendant raised the issue on direct appeal after being sentenced to death by the district court. *Id.* at 345, 375. The defendant argued that *Johnson* "compel[led] the conclusion that 18 U.S.C. § 924(c)(3)(B), the statute supporting two of [the defendant's] convictions, is unconstitutionally vague." *Id.* at 375. The court held that "because much of *Johnson's* analysis does not apply to § 924(c)(3)(B), [the defendant's] argument [was] without merit." *Id.* at 375-76. The court summarized its comparison of the two statutes as follows:

> *Johnson* does not require reversal of [the defendant's] conviction, because several factors distinguish the ACCA residual clause from § 924(c)(3)(B).

Government's Response to § 2255 Petition - 13

> First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury. Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in § 924(c)(3)(B). Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B). Finally, the Supreme Court was clear in limiting its holding to the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B).

*Id*. at 376. *See also United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016).

Similarly, in *United States v. Hill*, 832 F.3d 135 (2nd Cir. 2016), the Second Circuit considered a direct appeal from a defendant who had been convicted of the commission of a murder during a Hobbs Act robbery. *Id.* at 136-37. After determining that a Hobbs Act robbery was a crime of violence under the force clause, the Second Circuit concluded that it also qualified under the residual clause of § 924(c)(3)(B). *Id.* at 146. In doing so, it rejected the defendant's argument that the residual clause of § 924(c) was void for vagueness based on the Supreme Court's decision in *Johnson*. *Id.* at 146-150. The court noted, however, that in *Dimaya* the Ninth Circuit held that the residual clause in 18 U.S.C. § 16(b) was void for vagueness and that the same case law was generally applied in interpreting § 16(b) and § 924(c). *See Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015*) cert. granted*, No. 15-1498 (Sept. 29, 2016).

By contrast, in *United States v. Johnson*, 2016 WL 7666523 (N.D. Cal. Dec. 16, 2016) (unpublished) the district court applied *Dimaya* in an initial motion under § 2255(a) to find that the residual clause of § 924(c) was void for vagueness. However, the court stayed relief pending the Supreme Court's decision in *Dimaya*. Similarly, in *Blackstone v. United States*, 2016 WL 7469579 (C.D. Cal. Dec. 27, 2016) (unpublished), the district court considered an argument on a second § 2255 motion that *Johnson* rendered the residual clause in § 924(c) void for vagueness and noted that *Dimaya* required the conclusion that the clause was void for vagueness. Id. at *3. Nevertheless,

Government's Response to § 2255 Petition - 14

the court found that the defendant's Hobb's Act robbery was a crime of violence under the force clause of § 924(c).

The decision of the district court in *Blacksone* to consider the issue on a second § 2255 motion notwithstanding, the disagreement over the application of *Johnson* to the residual clause in § 924(c) should demonstrate that the issue is unsettled. As noted above, the question in the present case is not whether the analysis in *Johnson* should be extended to § 924(c), but whether the Supreme Court has mandated it. In the absence of a holding from the Supreme Court, the question of whether *Johnson* applies to § 924(c) has not been made retroactive on collateral review. Thus, the Defendant has not established a jurisdictional basis to raise the issue.

B.  Retaliation against a witness is a crime of violence under the force clause of 18 U.S.C. § 924(c).

The Ninth Circuit applies the categorical approach to determine whether the offense underlying a § 924(c) conviction is a crime of violence. *United States v. Piccolo*, 441 F.3d 1084, 1086 (9th Cir. 2006). Under that approach, the court examines the statutory definition of the offense and determines whether the elements of the offense are of the type that would justify its inclusion as a crime of violence. *Id*. For purposes of § 924(c)(3)(A), the question is whether those elements require the "use, attempted use, or threatened use of physical force against the person or property of another." Physical force is often defined as force capable of causing "serious bodily injury." *See Johnson v. United States*, ("*Johnson I*"), 559 U.S. 133, 140 (2010) (defining "physical force" under ACCA, which unlike § 924(c)(3)(A), does not encompass the use of force against property). Because § 924(c)(3)(A) encompasses the use of force against property, it is inherently broader than the statute at issue in *Johnson 1*; thus, it is arguable that the analysis in *Johnson I* is inapplicable or, at a minimum, *incomplete* as to § 924(c)(3). In addition to meeting the required level of force, a prior conviction can only qualify as a crime of violence if it has the requisite *mens rea. United States v. Palacios-Gomez*, 643

Government's Response to § 2255 Petition  -  15

F. App'x 614, 615 (9th Cir. 2016), *cert. denied* (U.S. Jan. 9, 2017) ("[k]nowledge is a sufficiently culpable mental state to qualify as crime of violence").

The offense underlying the Defendant's § 924(c) conviction was retaliating against a witness, in violation of 18 U.S.C. § 1513(b)(2). Such a violation occurs when a person:

> **knowingly** engages in any conduct and thereby causes **bodily injury** to another person or **damages** the **tangible property** of another person, or threatens to do so, with **intent to retaliate** against a person for— (2) any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings given by a person to a law enforcement officer.

18 U.S.C. § 1513(b)(2) (emphasis added). The Ninth Circuit has summarized the elements of the offense as: (1) the defendant knowingly engaged in conduct either causing, or threatening to cause, bodily injury to another person [or damage to the tangible property of another person]; and, (2) the defendant acted with the intent to retaliate for one of the protected acts. *See United States v. Gadson*, 763 F.3d 1189, 1218 (9th Cir. 2014). That offense requires the use or threatened use of physical force against the person or property of another. *See United States v. Stoker*, 706 F.3d 643, 650 (5th Cir. 2013) (noting that § 1513(b) "criminalizes retaliation in the form of physical violence or a threat of physical violence"), *see also United States v. Calver*t, 511 F.3d 1237, 1243 (9th Cir. 2008) ("the elements of the offense are satisfied where 'bodily injury' is inflicted as reprisal for prior testimony."). Indeed, to violate the statute, the defendant's conduct must be capable of causing physical injury to a person or property.

The Defendant's arguments to the contrary are without merit. First, 18 U.S.C. § 1513(b) does not merely punish a result. Instead, it requires that the defendant act knowingly and with the intent to retaliate. A person cannot knowingly injure another (or damage property) without using "force capable of causing" that injury. *Johnson I*, 559 U.S. at 140; *United States v. Castleman*, 134 S. Ct. 1405, 1416-17 (2014) (Scalia, J., concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of'

Government's Response to § 2255 Petition - 16

producing that result."). More importantly, the Ninth Circuit has held that knowledge is a sufficient *mens rea. See United States v. Palacios-Gomez*, 643 F. App'x 614, 615 (9th Cir. 2016), *cert. denied* (U.S. Jan. 9, 2017).

Second, the Defendant mistakenly relies on *Johnson I* to assert that a prior crime must require "violent" force to qualify as a crime of violence under § 924(c)(3)(A). As stated above, however, *Johnson I* was interpreting § 924(e) which differs from § 924(c)(3)(A) because it requires force to be used against a person, not property as allowed by § 924(c)(3)(A). *See* 18 U.S.C. § 924(c)(3)(A). This distinction is critical because *Johnson I* described "violent force—that is, force capable of causing *physical pain or injury in another person*." *Johnson,* 559 U.S. at 140 (emphasis added). As a result, a crime of violence under § 924(c)(3)(A) cannot be interpreted as having the exact same requirements as set out in *Johnson I* because *Johnson I* was restricted to force used against a person and § 924(c)(3)(A) is not.

"[E]ven assuming arguendo that *Johnson I* governs 'physical force' under § 924(c)(3), it 'means no more nor less than force capable of causing physical pain or injury to a person *or* injury to property;' it encompasses even indirect applications such that it may be accomplished by 'threatening to poison a victim, rather than to shoot him.'" *United States v. Campos*, 2016 WL 4771077, at *4 (E.D. Wash. Sept. 13, 2016) quoting *United States v. Hill,* 832 F.3d 135 (2d Cir. 2016)*; see also United States v. Castleman*, 134 S. Ct. 1405, 1414 (2014) ("[A]s we explained in *Johnson* [*I*], 'physical force' is simply 'force exerted by and through concrete bodies,' as opposed to 'intellectual force or emotional force.' And the common-law concept of 'force' encompasses even its indirect application." (citing *Johnson I*, 559 U.S. at 138)); *Arellano Hernandez v. Lynch,* 831 F.3d 1127 (9th Cir. 2016) (the fact "that the harm occurs indirectly rather than directly (as with a kick or a punch) does not matter.") *quoting United States v. Castleman*, 134 S.Ct. 1405, 1415 (2014).

Citing *United States v. Edwards*, 321 F. App'x 481 (6th Cir. 2009) (unpublished), the Defendant argues that spray painting a car is not "physical force" because it does not

Government's Response to § 2255 Petition - 17

involve "violent" force as described in *Johnson 1*. However, *Edwards* came before *Johnson I*, which clarified that "physical force" (and "violent force") simply means force capable of causing injury, 559 U.S. at 140; and, under § 924(c)(3)(A), that injury may be to property. In *Edwards*, the conduct threatened by the defendant was to "'get [] a can of spray paint and go spray paint that bitch car, put 'Rat' all over that bitch.'" *Id.* at *1. The defendant later reiterated his interest in damaging multiple vehicles of a cooperating witness as follows: "'[d]id you tell him you wanted to write that shit all over their trucks and cars and shit, "Rats?"" *Id*. The government contests the Defendant's implied assertion that spray painting "Rat" all over a cooperating witness's vehicles does not cause damage to those vehicles. Without repairs, spray painting vehicles with derogatory terms results in permanent, physical damage and loss of value. Other than the example from *Edwards*, the Defendant identifies no other cases in which courts have applied § 1513(b) to the hypothetical scenarios that he imagines. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) (requiring such a showing).

### III. CONCLUSION

For the foregoing reasons, the Defendant has failed to meet the requirements for relief under 28 U.S.C. § 2255(h).

DATED: March 8, 2017

                                          Respectfully submitted,

                                          MICHAEL C. ORMSBY
                                          United States Attorney

                              By: /s/ Timothy J. Ohms
                                          Timothy J. Ohms
                                          Assistant U.S. Attorney

I hereby certify that on March 8, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Alison K. Guernsey.

        /s/ Timothy J. Ohms
       TIMOTHY J. OHMS
       Assistant U.S. Attorney

Government's Response to § 2255 Petition - 19