UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>JOHN L. CALVERT,<br><br>                  Defendant. | CASE NO. 2:99-CR-00154-EFS<br><br>**ORDER GRANTING JOINT MOTION FOR HABEAS CORPUS RELIEF UNDER 28 U.S.C. § 2255** |

Before the Court is a Joint Motion for Habeas Corpus Relief Under 28 U.S.C. § 2255, ECF No. 554. The United States Attorney's Office and Defendant John L. Calvert, through his attorney, Alison K. Guernsey, agree that because of the statutory language in effect at the time of his offense, Mr. Calvert is "actually innocent" of the material fact that enhanced his sentence for Count 3. The parties therefore ask the Court to correct this "clear constitutional error" by immediately entering an amended judgment. For the reasons articulated below, the Court grants the parties' motion.

### I.     FACTUAL BACKGROUND

The parties' motion — and the Ex Post Clause violation it seeks to remedy — comes before this Court via a long and circuitous path.

On March 20, 2001, a jury convicted Mr. Calvert on four counts: (1) Conspiracy to Retaliate Against a Witness, in violation of 18 U.S.C.

§ 371; (2) Retaliating Against a Witness, in violation of 18 U.S.C. § 1513(b); (3) Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A); and (4) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). ECF No. 225. On July 16, 2001, the Court sentenced Mr. Calvert to a total term of 330 months' imprisonment: 60 months' imprisonment on Count 1; 120 months' imprisonment on Count 2, concurrent with Count 1; 120 months' imprisonment on Count 4, 90 months of which to run consecutive to Counts 1 and 2; and 120 months' imprisonment on Count 3, consecutive to all other counts. ECF No. 247.

Mr. Calvert appealed his conviction and sentence, ECF No. 250, but the Ninth Circuit Court of Appeals rejected the Defendant's arguments and affirmed his conviction on all counts. *See United States v. Calvert*, 48 F. App'x 634 (9th Cir. 2002) (unpublished); ECF No. 298. However, the Ninth Circuit remanded the case for resentencing because it held that this Court had improperly applied a 4-level increase under § 2K2.4 of the U.S. Sentencing Guidelines. *Id.*

On February 12, 2003, Mr. Calvert was resentenced to a total term of 270 months' imprisonment: 60 months on Count 1; 90 months on Counts 2 and 4, concurrent with each other but consecutive to Count 1; and 120 months on Count 3, consecutive to all other counts. ECF No. 317.

Mr. Calvert again appealed his sentence. ECF No. 318. The Ninth Circuit held that his sentence exceeded the "total punishment" as calculated under U.S.S.G. § 5G1.2 and remanded the case for resentencing. *United States v. Calvert*, 75 F. App'x 663 (9th Cir. 2003) (unpublished). On August 19, 2004, this Court resentenced Mr. Calvert to a total term of 207 months' imprisonment: 60 months on Count 1; 87

months on Counts 2 and 4, concurrent to each other as well as Count 1; and 120 months on Count 3, consecutive to all other counts. ECF No. 350.

In November 2005, after an appeal by the Government, ECF No. 354, and in light of *United States v. Booker*, 543 U.S. 200 (2005), the Ninth Circuit remanded yet again for resentencing because this Court had indicated it would have imposed a greater sentence if it were not bound by the Guidelines. *See United States v. Calvert*, 142 F. App'x 969 (9th Cir. 2005) (unpublished). On November 30, 2006, this Court resentenced Mr. Calvert for a third time, for a total term of 270 months' imprisonment: 60 months on Count 1; 90 months on Counts 2 and 4 to run concurrent with each other but consecutive with Count 1; and 120 months on Count 3 to run consecutive to all other counts. ECF No. 433. Mr. Calvert appealed his sentence, ECF No. 435, but the Ninth Circuit affirmed the judgment. *See United States v. Calvert*, 511 F.3d 1237 (9th Cir. 2008).

On September 18, 2008, Mr. Calvert filed a Motion under 28 U.S.C. § 2255, in which he alleged several grounds for relief, including an unrelated ex post facto argument relating to the Guidelines, but did not raise the ex post facto issue currently before the Court. *See* ECF No. 455. On February 27, 2009, the Court entered an order denying Mr. Calvert's § 2255 motion. ECF No. 465. Mr. Calvert sought to appeal but was denied a certificate of appealability. ECF Nos. 467 & 473.

On July 16, 2013, Mr. Calvert filed a motion labeled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 483, but the Court construed it as a § 2255 motion and denied it as untimely.

*See* ECF No. 484. That motion likewise did not raise the ex post facto issue that the Court now addresses. *See* ECF Nos. 483 & 484. Mr. Calvert appealed, ECF No. 488, but then voluntarily dismissed his appeal, ECF No. 503.

Mr. Calvert filed additional documents attacking his sentence, all of which were denied. His filings included a letter that this Court construed as a § 2241 petition, *see* ECF No. 517, as well as two motions for a sentence reduction under § 3582(c) and Guidelines Amendment 782, ECF Nos. 521 & 525. None of these additional documents raised the ex past facto violation at issue here.

On October 22, 2015, the Court entered a Fifth Amended Judgment clarifying that the Court intended that Mr. Calvert receive credit for the time he spent in custody prior to sentencing in this federal matter as well as in the related state-court matter, but otherwise containing no substantive changes. *See* ECF No. 527.

On June 3, 2016, Mr. Calvert requested relief based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 531. The Court appointed counsel, ECF No. 534, who protectively filed a third § 2255 motion, ECF No. 533. The Ninth Circuit granted Mr. Calvert's application for authorization to file a successive § 2255 motion, ECF No. 537, and Mr. Calvert's third § 2255 motion, ECF No. 538, came before the Court.

While reviewing the record to address his § 2255 motion, John Schroeder, one of the Court's law clerks, discovered that — although the issue had never been raised throughout trial, sentencing, or the multiple appeals — the date of Mr. Calvert's offense for Count 3 was

listed as June 4, 1998, whereas he was charged and sentenced under 18 U.S.C. § 924(c)(1)(A), a sub-provision that did not become effective until November 12, 1998, *see United States v. O'Brien*, 560 U.S. 218, 233, 1 (2010) ("The 1998 amendment was colloquially known as the 'Bailey Fix Act.' 144 Cong. Rec. 26608 (1998) (remarks of Sen. DeWine)."). Mr. Schroeder brought that issue to the attention of the Court, which then directed the parties to brief whether any ex post facto issues were implicated by Mr. Calvert's sentence, *see* ECF No. 549. The parties ultimately agreed that the Constitution's prohibition against ex post facto laws had been violated in this case. *See* U.S. Const. art. 1, § 9; *see also* ECF Nos. 552, 553 & 554.

## II. ANALYSIS

### A. Statute in Effect at the Time of the Offense

At the time Mr. Calvert engaged in the offensive conduct that constituted Count 3, the statute provided, in relevant part:

> Whoever, during and in relation to any crime of violence . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence . . . be sentenced to ***imprisonment for five years***. . . . Notwithstanding any other provision of law, . . . the term of imprisonment imposed under this subsection [shall not] run concurrently with any other term of imprisonment.

18 U.S.C. § 924(c)(1) (1998) (emphasis added).

Effective November 13, 1998, the statute provided, in relevant part:

> [A]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment of ***not less than 10 years*** [if the firearm is discharged].

18 U.S.C. § 924(c)(1)(A)(iii) (eff. Nov. 13, 1998) (emphasis added).

Mr. Calvert could not have violated the amended statute, 18 U.S.C. § 924(c)(1)(A)(iii) (eff. Nov. 13, 1998), because it was not in existence at the time.[1] Mr. Calvert's actions — as charged and proven at the time — could only result in a sentence of five years' imprisonment, consecutive to time sentenced on any other counts. However, Mr. Calvert was charged and convicted under the post-November 1998 statute, mandating at least ten years' of consecutive imprisonment.

Under these particular circumstances, the parties agree that Mr. Calvert is "actually innocent" of the material fact alleged in Count 3 (discharge of the firearm) because it was not a material fact at the time that Mr. Calvert committed the offense. *See* ECF No 554 at 3. Because Mr. Calvert was subject to a sentence that was at least double that authorized by the statute in existence at the time of his crime, the parties further agree that charging and sentencing Mr. Calvert under the amended statutory language was a clear violation of the Ex Post Facto Clause of the U.S. Constitution. The parties therefore request that the Court amend Mr. Calvert's sentence to reflect the statutory penalties in effect at the time of his offense.

//

/

---

[1] Although Mr. Calvert's conviction under the amended statute cannot stand, there is no dispute that proving the elements of § 924(c)(1)(A)(iii) necessarily also proves the elements required for a conviction under § 924(c) as it existed at the time of Mr. Calvert's offense.

**B.     Constitutional Prohibition Against Ex Post Facto Laws**

The U.S. Constitution prohibits the enactment of "ex post facto" criminal laws. U.S. Const. art. 1, § 9.  "To fall within the ex post facto prohibition, a law must be retrospective — that is, 'it must apply to events occurring before its enactment' — and it 'must disadvantage the offender affected by it' by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441, (1997) (quoting *Weaver v. Graham*, 450 U.S. 24, 24 (1981)).

Here, the statute was amended to increase the punishment for the type of conduct charged in Count 3.  Regardless of whether Mr. Calvert's actions were deserving of the punishment imposed, Mr. Calvert should never have been charged, convicted, or sentenced under 18 U.S.C. § 924(c)(1)(A)(iii), given that the statute was not in existence at the time of those actions.  The Court therefore finds that Mr. Calvert's current sentence violates the Ex Post Facto Clause of the U.S. Constitution.

**C.     Procedural Requirements**

Although a petitioner is typically required to file for relief within one year of a final judgment, *see* 28 U.S.C. § 2255(f), the Government does not object to the Court considering this issue, and there are circumstances under which that statute of limitations can be tolled.  One such basis is a showing of "actual innocence," *Lee v. Lampert*, 653 F.3d 929, 934 (9th Cir. 2011), which at least some courts recognize as existing when a defendant was statutorily ineligible for the offense of conviction, *see Gibbs v. United States*, 655 F.3d 473,

479 (6th Cir. 2011); *see also Marrero v. Ives*, 682 F.3d 1190, 1195 (9th Cir. 2012) (recognizing, without deciding, such a definition of "actual innocence"). Further, the Supreme Court itself has "applied the miscarriage of justice exception to overcome various procedural defaults," including successive petitions asserting previously rejected claims. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013).

Here, the Court finds that — given the parties' agreement to Mr. Calvert's "actual innocence" — the one-year limitation under 28 U.S.C. § 2255(f) was tolled. The Court further finds that the violation of the Ex Post Facto Clause that occurred in this case qualifies as a miscarriage of justice that overcomes any procedural barriers to the Court's consideration of this matter. Finally, the Court finds that the nature of this legal error, and the length of time that Mr. Calvert has already served in prison, support an immediate amendment of his sentence. *See* 28 U.S.C. § 2255(b).

Accordingly, **IT IS HEREBY ORDERED**:

1. The Joint Motion for Habeas Corpus Relief Under 28 U.S.C § 2255, **ECF No. 554**, is **GRANTED**.
2. The Fifth Amended Judgment, **ECF No. 527**, is **VACATED**.
3. Defendant's sentence of imprisonment as to Count 3 shall be **AMENDED** to 60 months, to run consecutive with Counts 1, 2, and 4, for a total of 177 months and 14 days' imprisonment.
4. All other sentences shall remain as imposed in the Fifth Amended Judgment.

**5.** Defendant's sentence shall be **AMENDED** such that upon release from imprisonment, Defendant shall be on supervised release for a term of three years.

**6.** The Clerk's Office is **DIRECTED** to prepare and enter a Sixth Amended Judgment in accordance with this Order.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Marshals Service, and the U.S. Probation Office.

**DATED** this __21st__ day of April 2017.

                  _____s/Edward F. Shea_____
                           EDWARD F. SHEA
               Senior United States District Judge